**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROGER DALEIDEN, MAUREEN | ) | |
| DALEIDEN, 1156 CORPORATION, a | ) | |
| dissolved Florida Corporation, and 1156 | ) | |
| CORP., a dissolved Florida Corporation, | ) | |
| PASCO COUNTY TAX COLLECTOR, | ) | |
| PINELLAS COUNTY TAX COLLECTOR, | ) | |
| and UNKNOWN INTERESTED PARTIES, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**COMPLAINT**

The United States complains and alleges as follows:

1.     The United States brings this action to reduce to judgment Defendant Roger

Daleiden's unpaid income tax liabilities for tax years 2001, 2005 and 2006, for a determination

that 1156 Corp. and 1156 Corporation are Roger Daleiden's alter egos, to enforce federal tax

liens against property held by 1156 Corp., for a determination that the transfer of certain real

property to 1156 Corporation was fraudulent as to the United States and to foreclose federal tax

liens against real property held by 1156 Corporation.

2.     This action is authorized and requested by a delegate of the Secretary of the

Treasury, and is brought at the direction of the Attorney General of the United States. 26 U.S.C.

§§ 7401, 7403.

**Jurisdiction and Venue**

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340, 1345 and 26 U.S.C §§ 7402(a), 7403(a).

4.      Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1396 because the tax liabilities at issue accrued in this district, and Roger Daleiden, and the four subject properties at issue in this suit, are located within this district.

**Defendants and Subject Properties**

5.      Defendant Roger Daleiden resides at 3844 Sailmaker Lane, Holiday, Florida 34691 ("Sailmaker Property"). He owes tax liabilities for years 2001, 2005 and 2006. He is the president, treasurer and registered agent of both 1156 Corporation and 1156 Corp.

6.      Maureen Daleiden resides at 2903 Batten Dr., Wausau, Wisconsin 54403 and is Roger Daleiden's wife. She is the vice president of both 1156 Corporation and 1156 Corp. She is joined as a party pursuant to 26 U.S.C. § 7403(b) as a person who has or may claim an interest in the property subject to this suit.

7.      1156 Corporation and 1156 Corp. are entities formerly incorporated in Florida.

8.      On July 23, 2012, 1156 Corporation was incorporated with the stated purpose to "Protect Assets." (Florida Secretary of State Document Number D12000064370). Its mailing address is the Sailmaker Property. On September 27, 2013, the Florida Secretary of State administratively dissolved 1156 Corporation for failure to file an annual report. 1156 Corporation is joined as a party pursuant to 26 U.S.C. § 7403(b) as an entity that has or may claim an interest in the property subject to this suit and as alter ego of Roger Daleiden.

9.      1156 Corp. is the successor of LNA Real Estate, Inc. On May 27, 2015, Roger Daleiden formed LNA Real Estate, Inc. (Florida Secretary of State Document Number

2

P15000046826). Its principal place of business, and mailing address, is the Sailmaker Property. On July 14, 2015, Roger Daleiden filed an amendment with the Florida Secretary of State to change LNA's name to 1156 Corp. On September 23, 2016, the Florida Secretary of State administratively dissolved 1156 Corp. for failure to file an annual report. 1156 Corp. is joined as a party pursuant to 26 U.S.C. § 7403(b) as an entity that has or may claim an interest in the property subject to this suit and as alter ego of Roger Daleiden.

10.     The Pasco County Tax Collector is a governmental entity established in Pasco County Florida for the purpose of collecting State and local taxes. It is joined as a party pursuant to 26 U.S.C. § 7403(b) as an entity that has or may claim an interest in the property subject to this suit.

11.     The Pinellas County Tax Collector is a governmental entity established in Pinellas County Florida for the purpose of collecting State and local taxes. It is joined as a party pursuant to 26 U.S.C. § 7403(b) as an entity that has or may claim an interest in the property subject to this suit.

12.     Because Roger Daleiden receives rental income from these properties, Plaintiff believes there are persons who have or may have an interest in this action not otherwise named in this suit. Despite a diligent search and inquiry, these individuals' names are unknown at this time due to eviction activity. The Unknown Interested Parties are joined pursuant to 26 U.S.C. § 7403(b) as they have or may claim an interest in the property subject to this suit.

13.     There are four properties at issue in this suit, referred to as "Subject Properties:"

        a.     12125 Shadow Ridge Blvd., Hudson, FL 34669, Pasco County ("Shadow Property"). 1156 Corporation holds title to the Shadow Property.

b.   1018 Baillies Bluff Rd., Holiday, FL 34691, Pasco County ("Baillies Property").

1156 Corporation holds title to the Baillies Property.

c.   1156 7th St. NW, Largo, FL 33770, Pinellas County ("7th Street Property"). 1156

Corporation holds title to the 7th Street Property.

d.   207 Cove Ct., Clearwater, FL 33759, Pinellas County ("Cove Property"). 1156

Corporation, Roger Daleiden and Maureen Daleiden hold title to the Cove

Property jointly.

**Count I – Suit to Reduce to Judgment**
(Against Defendant Roger Daleiden only)

14.     The United States reasserts the allegations in paragraphs 1 through 5.

15.     For tax years 2001, 2005 and 2006, Roger Daleiden was required to file

individual Federal Income Tax Returns, but failed to do so. For all three years, the IRS issued

notices of deficiency after an examination.

16.     After the period for contesting the deficiencies in Tax Court expired, a delegate of

the Secretary of the Treasury assessed the following income tax liabilities against Roger

Daleiden on the dates stated below:

| Period | Assessment Date | Assessed Tax | Assessed Penalty | Original Assessed Interest | Amount owed as of last assessment |
|--------|-----------------|--------------|------------------|----------------------------|-----------------------------------|
| 2001 | 01/10/2005 | $35,605.00 | $15,294.95 | $6,110.92 | $98,351.74 |
| 2005 | 09/29/2008 | $26,516.00 | $10,999.96 | $6,121.70 | $57,397.89 |
| 2006 | 04/19/2010 | $14,505.00 | $6,631.30 | $3,320.88 | $28,386.78 |
|  |  |  |  |  | $184,136.41 |

17.     A delegate of the Secretary of the Treasury, in accordance with the Internal

Revenue laws, gave written notice to Roger Daleiden of the assessments described in paragraph

16 and demanded payment.

18.     Despite the notices of assessment and demand for payment, Roger Daleiden has refused or neglected to pay all of the assessed tax liabilities, or the interest and penalties that have accrued. As of November 20, 2019, Roger Daleiden owes the sum of $184,136.41, plus fees and statutory additions thereon as provided by law.

19.     Federal law governs the limitations period during which the government may assess and collect federal taxes. *See* 26 U.S.C. § 6502(a). Collection of Daleiden's federal tax liabilities was suspended during two collection due process proceedings from January 24, 2006 to May 26, 2008 and from October 5, 2010 to February 8, 2011; three bankruptcy proceedings, from December 31, 2015 to June 9, 2016, from July 6, 2016 to February 8, 2018 and from May 3, 2018 to July 5, 2018, plus post-bankruptcy suspension periods; and an installment agreement, from November 16, 2017 to May 3, 2018. This action is timely.

**Count II – Declaratory Judgment that 1156 Corp. is Roger Daleiden's Alter Ego**
(Against Roger Daleiden and 1156 Corp. only)

20.     The United States reasserts the allegations in paragraphs 1 through 19.

21.     Roger Daleiden has sought to prevent collection of his federal tax debts through transfer of assets to corporate entities that are indistinguishable from him. These entities are alter egos of Roger Daleiden as there is no difference between the corporations and Roger Daleiden. 1156 Corp. is one of these alter ego corporations.

22.     1156 Corp. is not authorized to conduct business in the State of Florida. In 2016, the Florida Secretary of State administratively dissolved 1156 Corp. for failure to file annual reports. Despite its dissolution, Roger Daleiden continues to treat 1156 Corp. as a going entity to improperly shield himself from creditors.

23.     On information and belief, 1156 Corp. does not observe any corporate formalities. It has not issued stock, paid dividends, conducted regular director and shareholder meetings or

maintained corporate records. Further, 1156 Corp. does not appear to have a website, does not

have an Employer Identification Number ("EIN") and does not file tax returns.

24.     Roger Daleiden does not have a personal bank account. Instead, Roger Daleiden

uses 1156 Corp.'s bank account for his personal expenses. On information and belief, Roger

Daleiden deposits his monthly Social Security Benefit into the 1156 Corp. bank account as well

as any other income he receives from other business ventures, such as rental income from the

Subject Properties. He uses the 1156 Corp. bank account to pay personal expenses, such as

electric bills, Direct TV, restaurants and retail purchases.

25.     Roger Daleiden dominates and controls 1156 Corp. such that it does not exist

independent of Roger Daleiden. 1156 Corp. is merely a tool of Roger Daleiden and he uses the

corporate fiction to improperly shield himself from creditors.

26.     This abuse of the corporate fiction injures the United States as it prevents

collection of Roger Daleiden's delinquent tax debts. Allowing Roger Daleiden to continue to

abuse the corporate fiction to evade the tax laws of the United States is unjust.

27.     The IRS filed Notices of Federal Tax Liens ("NFTL") against the property of

1156 Corp. as alter ego of Roger Daleiden in Pinellas and Pasco County. The liens attach to all

property and rights to property belonging to the corporate entity in favor of the United States for

the amount owed by Roger Daleiden for taxes, and additional penalties, interest and costs that

may accrue. *See* 26 U.S.C. §§ 6321, 6322. The following NFTLs have been filed against "1156

Corp., Alter Ego of Roger Daleiden":

| Tax Period Ending | Type of Tax | Assessment Date | County | Date(s) of Filing |
|---|---|---|---|---|
| 12/31/2001 | Income (1040) | 01/10/2005 | Pasco | 12/01/2015 |
| | | | Pinellas | 12/08/2015 |

| 12/31/2005 | Income (1040) | 9/29/2008 | Pasco | 08/12/2015 05/15/2018 |
| | | | Pinellas | 06/07/2017 05/15/2018 |
| 12/31/2006 | Income (1040) | 4/19/2010 | Pasco | 08/12/2015 |
| | | | Pinellas | 06/07/2017 |

28.     The United States is entitled to declaratory judgment that 1156 Corp. is Roger

Daleiden's alter ego, and the United States may enforce federal tax liens against 1156 Corp.'s

property and rights to property to collect Roger Daleiden's tax debt.

**Count III –Fraudulent Transfer/Alter Ego Liability/Nominee Liability**
**(Against Defendants Roger Daleiden, Maureen Daleiden and 1156 Corporation)**

29.     The United States reasserts the allegations in paragraphs 1 through 28.

30.     Similar to 1156 Corp., 1156 Corporation is a creation of Roger Daleiden. This

corporate entity is an alter ego of Roger Daleiden.

31.     1156 Corporation is not authorized to conduct business in the State of Florida. In

2013, the Florida Secretary of State administratively dissolved 1156 Corporation for failure to

file annual reports. Despite its dissolution, Roger Daleiden treats 1156 Corporation as a holding

company to improperly shield assets from creditors.

32.     On information and belief, 1156 Corporation does not observe any corporate

formalities. It has not issued stock, paid dividends, conducted regular director and shareholder

meetings or maintained corporate records. Further, 1156 Corporation does not appear to have a

website, does not have an EIN and does not file tax returns.

33.     Roger Daleiden dominates and controls 1156 Corporation such that it does not

exist independent of Roger Daleiden. 1156 Corporation is merely a tool of Roger Daleiden and

he uses the corporate fiction to improperly shield himself from creditors.

34.     This abuse of the corporate fiction injures the United States as it prevents

collection of Roger Daleiden's owed tax debts. Allowing Roger Daleiden to continue to abuse

the corporate fiction to evade the tax laws of the United States is unjust.

**Property Transfers**

35.     Roger Daleiden acquired the Subject Properties, either personally or through

controlled corporate entities, and then attempted to transfer his interest to 1156 Corporation as

follows:

    a.  **Shadow Property.**

        i.  On June 12, 2012, Roger Daleiden acquired the Shadow Property from

            Deutsche Bank National Trust Company in a deed that was recorded in

            book 8711, page 2549 of the public records of Pasco County, Florida.

        ii. On August 13, 2012, Roger Daleiden transferred his interest in the

            Shadow Property to 1156 Corporation in a deed that was recorded in book

            8740, page 248 of the public records of Pasco County, Florida. This deed

            was prepared by Roger Daleiden.

    b.  **Baillies Property.**

        i.  On April 14, 2009, Roger Daleiden acquired the Baillies Property from

            U.S. Bank, through his corporate entity, Rogers Electronics, Inc., in a deed

            that was recorded in book 8061, page 1078 of the public records of Pasco

            County, Florida.

        ii. On August 13, 2012, Roger Daleiden, as corporate officer, transferred

            Rogers Electronics' interest in the Baillies Property to 1156 Corporation in

8

a deed that was recorded in book 8740, page 246 of the public records of Pasco County, Florida. This deed was prepared by Roger Daleiden.

c.  **7th Street Property.**

   i.  On May 24, 2012, Roger Daleiden and his wife Maureen acquired the 7th Street Property from Ocean Opportunities, Inc. in a deed that was recorded in book 17591, page 1836 of the public records of Pinellas County, Florida.

   ii.  On August 16, 2012, Roger and Maureen Daleiden transferred their interest in the 7th Street Property to 1156 Corporation in a deed that was recorded in book 17685, page 1609 of the public records of Pinellas County, Florida. This deed was prepared by Roger Daleiden.

d.  **Cove Property.**

   i.  On December 8, 2005, Roger Daleiden and his wife Maureen acquired the Cove Property from James R. Solomon in a deed that was recorded in book 14787, page 2651 of the public records of Pinellas County, Florida.

   ii.  On May 26, 2009, Roger and Maureen Daleiden transferred their interest in the Cove Property to their daughter, Kristina Daleiden, in a deed that was recorded in book 16592, page 2614 of the public records of Pinellas County, Florida.

   iii.  On January 8, 2010, Kristina Daleiden conveyed the property to herself, and Roger and Maureen Daleiden as joint tenants with right of survivorship in a deed that was recorded in book 16799, page 1135 of the public records of Pinellas County, Florida.

iv. On December 3, 2012, Kristina Daleiden conveyed her interest in the Cove Property to 1156 Corporation in a deed that was recorded in book 17804, page 1337 of the public records of Pinellas County, Florida. This deed was prepared by Roger Daleiden.

36. Roger Daleiden transferred each of the Subject Properties to 1156 Corporation for nominal, if any, consideration.

37. These transfers were done at a time when Roger Daleiden was aware that he was under examination for tax debts owed to the United States and that he was subject to legal action.

38. After the transfers, Roger Daleiden continues to exercise control over the Subject Properties and enjoys the benefit of rental income received from the Subject Properties.

39. The transfer of the Subject Properties to 1156 Corporation rendered Roger Daleiden effectively insolvent and unable to satisfy his outstanding 2001, 2005 and 2006 debts.

40. The transfers and actions described in paragraphs 30-39 were made: a) with the intent to hinder, delay or defraud the United States; b) to an insider, 1156 Corporation, of which Roger Daleiden is an officer; c) so that Roger Daleiden could retain possession and control of the property after the transfer through his alter ego or nominee, 1156 Corporation; d) at a time when Roger Daleiden was not paying his tax liabilities as they became due and was aware that he was subject to potential legal action; and e) to render Roger Daleiden effectively insolvent.

41. The transfers to 1156 Corporation were fraudulent as to the United States under the Uniform Fraudulent Transfers Act, Fla Stat. §§ 726.101 et seq., and recoverable from 1156 Corporation under Fla. Stat. Ann. §726.109(2).

42. Pursuant to the Florida Statute of Frauds, Fraudulent Transfers and General Assignments, a creditor may recover judgment for the value of the asset transferred or the

amount necessary to satisfy the creditor's claim, whichever is less. *See* Fla. Stat. Ann.

§726.109(2).

43.     Because the action is timely under 26 U.S.C. § 6402(a), the United States is

entitled to a finding by this Court that the fraudulent transfers shall be set aside and to allow the

United States to enforce federal tax liens against the Subject Properties.

### Count IV – Foreclosure of Federal Tax Liens Attached to Property
(Against All Defendants)

44.     The United States reasserts the allegations in paragraphs 1 through 43.

45.     Two of the four subject properties are located in Pasco County: Shadow Property

and Baillies Property. In addition to the NFTLs filed against 1156 Corp., Alter Ego of Roger

Daleiden, referred to in paragraph 27, a delegate of the Secretary of the Treasury filed notices of

federal tax liens in the public records of Pasco County, Florida as follows:

| Tax Period Ending | Type of Tax | Assessment Date | Name(s) on Lien | Date(s) of Filing |
|---|---|---|---|---|
| 12/31/2001 | Income (1040) | 01/10/2005 | Roger Daleiden | 09/13/2010 07/14/2015 |
| 12/31/2005 | Income (1040) | 9/29/2008 | Roger and Maureen Daleiden | 02/06/2012 05/15/2018 |
| 12/31/2006 | Income (1040) | 04/19/2010 | Roger and Maureen Daleiden | 02/06/2012 |

46.     The properties located in Pasco County are described as follows:

a.   **Shadow Property**

i.   The legal description of the Shadow Property is:

LOT 177, SHADOW RIDGE UNIT TWO, ACCORDING TO THE MAP
OR PLAT THEREOF AS RECORDED IN PLAT BOOK 18, PAGE 86
THROUGH 88 OF THE PUBLIC RECORDS OF PASCO COUNTY,
FLORIDA.

PARCEL ID: 04 25 17 005A 00000 1770

MORE COMMONLY KNOWN AS: 12125 SHADOW RIDGE BLVD,
HUDSON, FL 34669-2752.

b. **Baillies Property**

    i. The legal description of the Baillies Property is:

LOTS 11 AND 12, BLOCK B, ANCLOTE HIGHLANDS, ACCORDING TO THE MAP OR PLAT THEREOF AS RECORDED IN PLAT BOOK 6, PAGE 12, OF THE PUBLIC RECORDS OF PASCO COUNTY, FLORIDA.

PARCEL IDENTIFICATION NUMBER: 34-26-15-0020-00B00.0110

ALSO KNOWN AS:
    1016 BAILLIES BLUFF ROAD, HOLIDAY, FL 34691
    1010 BAILLIES BLUFF ROAD, HOLIDAY, FL 34691
    1018 BAILLIES BLUFF ROAD, HOLIDAY, FL 34691
    1024 HICKORY LANE, HOLIDAY, FL 34691

47.    Two of the four subject properties are located in Pinellas County: 7th Street Property and Cove Property. In addition to the NFTLs filed against 1156 Corp., Alter Ego of Roger Daleiden, referred to in paragraph 27, a delegate of the Secretary of the Treasury filed notices of federal tax liens in the public records of Pinellas County, Florida as follows:

| Tax Period Ending | Type of Tax | Assessment Date | Name on Lien | Date(s) of Filing |
|---|---|---|---|---|
| 12/31/2001 | Income (1040) | 01/10/2005 | Roger Daleiden | 07/14/2015 |
| 12/31/2005 | Income (1040) | 9/29/2008 | Roger Daleiden | 05/13/2015 05/15/2018 |
| 12/31/2006 | Income (1040) | 4/19/2010 | Roger Daleiden | 05/22/2017 |

48.    The properties located in Pinellas County are described as follows:

a. **7th Street Property**

    i. The legal description of the 7th Street Property is:

THE NORTH ½ OF TRACT 8, PLACID LAKE SUBDIVISION, ACCORDING TO THE MAP OR PLAT THEREOF AS RECORDED IN PLAT BOOK 23, PAGE 39 OF THE PUBLIC RECORDS OF PINELLAS COUNTY, FLORIDA.

TAX PARCEL NO.: 27-29-15-71856-000-0801

12

     b.  **Cove Property**

          i.  The legal description of the Cove Property is:

LOT 29, ROSERY GROVE VILLA, THIRD ADDITION, ACCORDING TO MAP OR PLAT THEREOF RECORDED IN PLAT BOOK 67, PAGE 21, OF THE PUBLIC RECORDS OF PINELLAS COUNTY, FLORIDA.

PARCEL ID NUMBER: 27-29-15-77078-000-0290

49.    As a result of Roger Daleiden's failure to pay the assessments described in paragraph 16 above, federal tax liens arose on the dates of assessment on Roger Daleiden's property and rights to property. *See* 26 U.S.C. §§ 6321, 6322. The United States is entitled to findings that the tax liens be foreclosed; that the properties be sold according to law, free and clear of Roger Daleiden's interests and that the proceeds of the sale be distributed in accordance with the determination of the Court with respect to the priorities of the claims of the parties herein.

WHEREFORE, the plaintiff, United States of America, respectfully requests that the Court:

a)    determine and adjudge that defendant Roger Daleiden is indebted to the United States in the total amount of $184,136.41, plus fees and statutory additions thereon as provided by law from November 20, 2019;

b)    determine and adjudge that 1156 Corp. and 1156 Corporation are alter egos of Roger Daleiden;

c)    determine and adjudge that the tax liens against 1156 Corp., Alter Ego of Roger Daleiden may be enforced against the property of 1156 Corp;

d)      determine and adjudge that the transfer of property between Roger Daleiden, or his fully controlled corporate entity Rogers Electronics, Inc., to 1156 Corporation was fraudulent as to the United States and set aside such transfers;

e)      determine and adjudge that defendant 1156 Corporation is liable for the debts of Roger Daleiden, as transferee, his alter ego or nominee;

f)      determine and adjudge that the federal tax liens filed against Roger Daleiden and 1156 Corp., Alter Ego of Roger Daleiden, attach to the Shadow, Baillies, 7th Street and Cove Properties as described in the above complaint; that the tax liens be foreclosed; that the properties be sold according to law, free and clear of Roger Daleiden's interests and that the proceeds of the sale be distributed in accordance with the determination of the Court with respect to the priorities of the claims of the parties herein;

g)      determine and adjudge that the proceeds attributable to Roger Daleiden from the distribution of assets collected from 1156 Corp. and from the sale of the subject properties be applied to his unpaid federal tax liabilities, which are set forth in this Complaint; and

h)      grant such other and further relief as is just and proper, including costs of this action.

Dated: December 12, 2019                    Respectfully submitted,

                                            RICHARD E. ZUCKERMAN
                                            Principal Deputy Assistant Attorney General


                                            */s Conor P. Desmond*
                                            CONOR PATRICK DESMOND
                                            District of Columbia Bar ID: 1531356
                                            Trial Attorney, Tax Division
                                            U.S. Department of Justice
                                            P.O. Box 14198
                                            Washington, D.C.  20044
                                            202-616-1857 (v)

202-514-4963 (f)
Conor.P.Desmond@usdoj.gov

Of counsel:
Maria Chapa Lopez
United States Attorney Middle District, Florida

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| **(b)** County of Residence of First Listed Plaintiff _____ <br> *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____ <br> *(IN U.S. PLAINTIFF CASES ONLY)* <br> NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF <br> THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 2  U.S. Government
Defendant

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place <br> of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place <br> of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a <br> Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment <br>  & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted <br>  Student Loans <br>  (Excludes Veterans) <br> ☐ 153 Recovery of Overpayment <br>  of Veteran's Benefits <br> ☐ 160 Stockholders' Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | **PERSONAL INJURY** <br> ☐ 310 Airplane <br> ☐ 315 Airplane Product <br>  Liability <br> ☐ 320 Assault, Libel & <br>  Slander <br> ☐ 330 Federal Employers' <br>  Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product <br>  Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle <br>  Product Liability <br> ☐ 360 Other Personal <br>  Injury <br> ☐ 362 Personal Injury - <br>  Medical Malpractice | **PERSONAL INJURY** <br> ☐ 365 Personal Injury - <br>  Product Liability <br> ☐ 367 Health Care/ <br>  Pharmaceutical <br>  Personal Injury <br>  Product Liability <br> ☐ 368 Asbestos Personal <br>  Injury Product <br>  Liability <br> **PERSONAL PROPERTY** <br> ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal <br>  Property Damage <br> ☐ 385 Property Damage <br>  Product Liability | ☐ 625 Drug Related Seizure <br>  of Property 21 USC 881 <br> ☐ 690 Other <br><br> **LABOR** <br> ☐ 710 Fair Labor Standards <br>  Act <br> ☐ 720 Labor/Management <br>  Relations <br> ☐ 740 Railway Labor Act <br> ☐ 751 Family and Medical <br>  Leave Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Employee Retirement <br>  Income Security Act | ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal <br>  28 USC 157 <br><br> **PROPERTY RIGHTS** <br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 835 Patent - Abbreviated <br>  New Drug Application <br> ☐ 840 Trademark <br> **SOCIAL SECURITY** <br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) | ☐ 375 False Claims Act <br> ☐ 376 Qui Tam (31 USC <br>  3729(a)) <br> ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and <br>  Corrupt Organizations <br> ☐ 480 Consumer Credit <br>  (15 USC 1681 or 1692) <br> ☐ 485 Telephone Consumer <br>  Protection Act <br> ☐ 490 Cable/Sat TV <br> ☐ 850 Securities/Commodities/ <br>  Exchange <br> ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** <br> ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | **CIVIL RIGHTS** <br> ☐ 440 Other Civil Rights <br> ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing/ <br>  Accommodations <br> ☐ 445 Amer. w/Disabilities - <br>  Employment <br> ☐ 446 Amer. w/Disabilities - <br>  Other <br> ☐ 448 Education | **PRISONER PETITIONS** <br> **Habeas Corpus:** <br> ☐ 463 Alien Detainee <br> ☐ 510 Motions to Vacate <br>  Sentence <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> **Other:** <br> ☐ 540 Mandamus & Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition <br> ☐ 560 Civil Detainee - <br>  Conditions of <br>  Confinement | **IMMIGRATION** <br> ☐ 462 Naturalization Application <br> ☐ 465 Other Immigration <br>  Actions | **FEDERAL TAX SUITS** <br> ☐ 870 Taxes (U.S. Plaintiff <br>  or Defendant) <br> ☐ 871 IRS—Third Party <br>  26 USC 7609 | ☐ 891 Agricultural Acts <br> ☐ 893 Environmental Matters <br> ☐ 895 Freedom of Information <br>  Act <br> ☐ 896 Arbitration <br> ☐ 899 Administrative Procedure <br>  Act/Review or Appeal of <br>  Agency Decision <br> ☐ 950 Constitutionality of <br>  State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
Another District
*(specify)*

☐ 6 Multidistrict
Litigation -
Transfer

☐ 8 Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) | |
|  | ) | |
|  | ) | |
|  | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
|  | ) | |
|  | ) | |
|  | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| ) | |
| ) | |
| ) | |
| ) | |
| _____ ) | |
| *Plaintiff(s)* ) | |
| v. ) | Civil Action No. |
| ) | |
| ) | |
| ) | |
| _____ ) | |
| *Defendant(s)* ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*
_____ .


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                                                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

<table>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>_____</td><td>)</td><td></td></tr>
<tr><td><em>Plaintiff(s)</em></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>Civil Action No.</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>_____</td><td>)</td><td></td></tr>
<tr><td><em>Defendant(s)</em></td><td>)</td><td></td></tr>
</table>

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____
                                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify)*:

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | Civil Action No. |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                       *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| <br>_____<br><br>*Plaintiff(s)*<br><br>v.<br><br><br>_____<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

<table>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>*Plaintiff(s)*</td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>Civil Action No.</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>*Defendant(s)*</td><td>)</td><td></td></tr>
</table>

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                  _____
                                                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*
                                                                                    .


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ <br> *Plaintiff(s)* <br><br> v. <br><br> _____ <br> *Defendant(s)* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____     _____
                                                                            *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: