UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.    Case No. 8:19-cv-3047-T-60CPT

ROGER DALEIDEN, MARUEEN
DALEIDEN, 1156 CORPORATION,
1156 CORP., PASCO COUNTY TAX
COLLECTOR, PINELLAS COUNTY
TAX COLLECTOR, and UNKNOWN
INTERESTED PARTIES,

    Defendants.
_____/

## ORDER DENYING DEFENDANT ROGER DALEIDEN'S MOTIONS TO DISMISS

This matter is before the Court on "Defendants' Roger Daleiden, Maureen Daleiden, 1156 Corporation and 1156 Corp. Motion to Dismiss" (Doc. 15), filed on January 10, 2020, and "Defendant's Motion to Dismiss with Prejudice for Lack of Subject-Matter Jurisdiction to Enforce an Unlimited Tax Under Statutes Alone, Without an Associated Enabling Enforcement Clause Authorizing Congress to Write Law for the Taxing Power Claim Pursued" (Docs. 19; 20), filed on February 10, 2020. Both motions were filed *pro se* by Mr. Daleiden on behalf of all Defendants. Plaintiff United States of America responded in opposition to both motions. (Docs. 18; 27). Upon review of the motions, response, court file, and record, the Court finds as follows:

## Background[1]

On December 12, 2019, the United States filed a lawsuit seeking to recover unpaid income tax liabilities of Defendant Roger Daleiden. The complaint generally alleges that Mr. Daleiden used two corporations, Defendants 1156 Corp. and 1156 Corporation, as alter egos to improperly shelter certain assets. (Doc. 1). Defendants 1156 Corp., 1156 Corporation, Maureen Daleiden, the Pasco County Tax Collector, the Pinellas County Tax Collector, and Unknown Interested Parties are joined as parties to this action under 26 U.S.C. § 7403(b) as persons or entities that have or may claim an interest in the property subject to the suit. (*Id.*).

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233

---

[1] The Court accepts as true the facts alleged in the complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ( [W]hen ruling on a defendant s motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court need not accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

(M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. 2009) (Lazzara, J.).

## Analysis

Defendant Roger Daleiden has filed two motions to dismiss: (1) "Defendants' Roger Daleiden, Maureen Daleiden, 1156 Corporation and 1156 Corp. Motion to Dismiss" (Doc. 15) (the "January Motion"), and (2) "Defendant's Motion to Dismiss with Prejudice for Lack of Subject-Matter Jurisdiction to Enforce an Unlimited Tax Under Statutes Alone, Without an Associated Enabling Enforcement Clause Authorizing Congress to Write Law for the Taxing Power Claim Pursued" (Docs. 19; 20) (the "February Motion").

Initially, the Court notes that it only analyzes the motions to dismiss as they relate to Mr. Daleiden although he has purported to file these motions on behalf of himself, Maureen Daleiden, 1156 Corp. and 1156 Corporation. Because Mr. Daleiden is not an attorney licensed to practice in this jurisdiction, he is not able to represent the corporations. *See, e.g., Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be

represented by counsel."). Additionally, he is not able to represent his wife. Although Mrs. Daleiden may proceed *pro se* in this action, she is required to personally sign every pleading, written motion, or other paper filed with the Court. *See* Fed. R. Civ. P. 11(a). She did not sign either of the motions before the Court. Consequently, defaults were entered against Maureen Daleiden, 1156 Corporation and 1156 Corp. on February 25, 2020. (Docs. 28; 29; 30).

*January Motion*

Though Mr. Daleiden does not cite to any legal authority, the January Motion appears to be filed pursuant to Federal Rule of Civil Procedure 12(b)(6). Upon review, the Court finds that the January Motion is vague and conclusory, and as such, provides no factual or legal basis to support the dismissal of the complaint. In addition, the motion does not include a memorandum of law in violation of Local Rule 3.01(a). A memorandum, if provided, may have shed more light on possible grounds for dismissal. Perhaps most significantly, the motion makes arguments that appear to assert denials or potential affirmative defenses – not only is this not proper in a motion to dismiss, but it would also require the Court to consider facts beyond the four corners of the complaint. Accordingly, the January Motion is denied.

*February Motion*

In the February Motion, Mr. Daleiden argues that this Court lacks subject matter jurisdiction. Specifically, he contends that the United States does not have

the ability to enforce its tax laws.[2] There is an abundance of case law holding that such arguments are frivolous. *See, e.g.*, *United States v. Carr*, No. 3:16cv674, 2017 WL 4124181, at *6-7 (E.D. Va. Sept. 18, 2017) (explaining both that the United States can enforce federal tax laws and that the federal courts have subject matter jurisdiction over such claims); *Nelson v. United States*, No. 3:08-cv-508/MCR/EMT, 2009 WL 5851082, at *7 (N.D. Fla. Dec. 7, 2009) (explaining that the Eleventh Circuit has "flatly rejected – as frivolous – arguments […] that challenge Congress' power under the Constitution to lay and collect income taxes"); *Madison v. United States*, 758 F.2d 573, 574 (11th Cir. 1985) ("[A]ssertions that the Treasury Department and Internal Revenue Service have no power" to lay and collect income taxes is frivolous). Accordingly, the February Motion is denied.

***Warning About the Unauthorized Practice of Law***

*Lastly, the Court notes that Mr. Daleiden is not an attorney, but he has attempted to file the motions before the Court on behalf of Mrs. Daleiden and the corporate defendants. As a non-attorney, however, Mr. Daleiden may only represent himself. His representation of others in this case would constitute the unauthorized practice of law. Mr. Daleiden is warned that he may be subject to criminal prosecution for engaging in the unauthorized practice of law if he continues to file*

---

[2] Daleiden references Fed. R. Civ. P. 12(b)(2) and 12(b)(6) in the February Motion, but makes no argument related to either one. To the extent Daleiden attempts to argue lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), those arguments were not raised in his first Rule 12 response and are, therefore, waived. *See* Fed. R. Civ. P. 12(g)(2), (h)(1)-(2); *see, e.g.*, *Hinkle v. Continental Motors, Inc.*, No. 8:16-cv-2966-T-36MAP, 2018 WL 10096594, at *4 (M.D. Fla. July 12, 2018). To the extent Daleiden attempts to argue that the United States has failed to state a claim under Fed. R. Civ. P. 12(b)(6), the Court finds that the United States has stated a claim for the reasons previously explained.

*papers in this case on behalf of the corporate entities when he is not a licensed attorney in this jurisdiction.*

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendants' Roger Daleiden, Maureen Daleiden, 1156 Corporation and 1156 Corp. Motion to Dismiss" (Doc. 15) is **DENIED**.

2. "Defendant's Motion to Dismiss with Prejudice for Lack of Subject-Matter Jurisdiction to Enforce an Unlimited Tax Under Statutes Alone, Without an Associated Enabling Enforcement Clause Authorizing Congress to Write Law for the Taxing Power Claim Pursued" (Doc. 19) is **DENIED**.

3. Defendant Roger Daleiden is directed to file an answer to the complaint on or before July 1, 2020.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of June, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**